UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

WHIRLPOOL CORPORATION, et al.,    )
    )
        Plaintiffs,    )    Case No. 1:04-cv-100
    )
v.    )    Honorable Robert Holmes Bell
    )
LG ELECTRONICS, INC., et al.,    )
    )    **<u>DISCOVERY ORDER</u>**
        Defendants.    )
    )

This is an action for patent infringement.  Plaintiff alleges that the GE Profile Harmony washer, manufactured by defendant LG Electronics and marketed by defendant General Electric Company, infringes one or more of plaintiffs' United States patents.  One of plaintiffs' theories of liability is that use by consumers of the GE Profile Harmony washer infringes one or more method claims of the patents in suit and that defendants are liable for indirect infringement under 35 U.S.C. § 271(b) and (c) by encouraging or inducing consumers to use the GE washing machine in a method that infringes plaintiffs' patents.

In an effort to sustain its burden of proving that at least one consumer in fact used a GE Profile Harmony washer in a way that plaintiffs contend infringes one or more of its patents, plaintiffs sought certain information regarding the identity of consumers who purchased the accused item in a three-state area. Defendants object to production of such information, citing confidentiality and the possibility of abuse of its customer lists.  At a hearing conducted on September 15, 2005, the court explored with the parties alternative means of establishing the facts deemed by plaintiff to

be necessary in support of its indirect infringement claim.  During the hearing, plaintiffs proposed

a stipulation, pursuant to which defendants would not contest that at least one consumer has used

the GE Profile Harmony washer in the way that plaintiffs' experts have already identified as

infringing.  Plaintiffs also proposed that defendants stipulate that the consumer looks to the owner's

manual for instruction and advice on how to use the GE Profile Harmony washing machine. Because

a stipulation of this nature appeared to be a superior method to establish the point contended by

plaintiffs, the court directed the parties to discuss and consider such a stipulation as an alternative

to an expensive and perhaps disruptive campaign of discovery involving consumers.  *See* FED. R.

CIV. P. 26(b)(2)(i).

The court conducted a telephone status conference with counsel on September 23,

2005, and reviewed the exchange of correspondence between them on this issue.  In summary,

plaintiffs tendered a written proposal for stipulation along the lines discussed at the September 15th

hearing, but defendant GE professed itself unable to agree that even one person has used its washing

machine in the manner that plaintiffs contend infringes its patents.  GE points to the multifarious

options that the washing machine offers a consumer and professes itself ignorant of how consumers

actually use the washing machine in practice. To say the least, the court finds GE's position baffling.

It seems virtually impossible that no consumer has ever used GE's washing machine in the way

described by plaintiffs, even if by accident.  It also seems impossible that plaintiffs will be unable

to establish, through contact with customers, that at least one customer used the machine in the way

described by plaintiffs.  In short, defendants refuse to stipulate to the existence of a fact that is almost

certainly true, yet they obstinately oppose plaintiffs' request for the discovery necessary to establish the fact.[1]

A party resisting relevant discovery on the grounds of burden or confidentiality has the onus of establishing good cause supporting its position. *See Deford v. Schmid Prod. Co., Div. of Schmid Labs, Inc.*, 20 F.R.D. 648, 652 (D. Md. 1987). Conclusory allegations of confidentiality and competitive harm are insufficient. The movant must make a "particularized showing" that the information is confidential and must come forward with "specific examples" of competitive harm. *See Waelde v. Merck, Sharpe & Dohme*, 94 F.R.D. 27, 28 (E.D. Mich. 1981). Beyond claiming that its customer lists are confidential and that unsupervised contact with their customers could be harmful to their business interests, defendants have not adduced anything specific in support of their burden. Although the court recognizes that customer lists have a certain confidential aspect, that confidentiality is attenuated in the present case. The direct customer relationship does not exist between GE and the consumer, but in most cases is between a retailer (*e.g.*, Sears or Best Buy) and the consumer. Hence, the relationship between the consumer and GE is indirect, at best. Any harm to defendants arising from potential undermining of this indirect relationship must be balanced against the likely benefit of discovery, taking into account the needs of the case and the other factors made relevant by Fed. R. Civ. P. 26(b)(2). As noted above, the discovery sought by plaintiffs is relevant and appears necessary to plaintiffs' establishment of a part of their *prima facie* case of indirect infringement. The court has already explored, without material help from defendants, alternative, less burdensome methods of establishing these facts. Having balanced the facts

---

[1] Defendants profess themselves willing to consider reasonable alternatives, but they have already rejected one reasonable alternative and have failed to make any counter proposal of their own.

enumerated in Rule 26(b)(2), the court concludes that defendants have not borne their burden of resisting the discovery sought by plaintiffs.  Accordingly:

IT IS ORDERED that plaintiffs' motion to compel selected GE customer information (docket # 195) be and hereby is GRANTED.  GE shall produce documents sufficient to identify purchasers, customers and other end users of the accused GE Profile Harmony washer residing in the States of Michigan, Illinois, and Indiana no later than **September 28, 2005**.

IT IS FURTHER ORDERED that, pending further order of court, plaintiffs shall treat all such information as "highly confidential" under the protective order.

IT IS FURTHER ORDERED that no later than **October 3, 2005**, plaintiffs shall file a proposed protocol setting forth the uses to which they propose to put the information and the further discovery, if any, they propose. Defendants shall file objections to the protocol within seven days of service.  If the parties are unsuccessful in reaching an agreed-upon protocol, plaintiffs may file a motion seeking the court's approval of the intended use of defendants' customer information.

DONE AND ORDERED this 26th day of September, 2005.

/s/  Joseph G. Scoville
United States Magistrate Judge