UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WHIRLPOOL CORPORATION and
WHIRLPOOL PATENTS COMPANY,

      Plaintiffs,

                                     File No.  1:04-CV-100
v.

                                     HON. ROBERT HOLMES BELL
LG ELECTRONICS, INC., LG
ELECTRONICS, U.S.A., INC., and
GENERAL ELECTRIC COMPANY,

      Defendants,

and

LG ELECTRONICS, INC.,

      Counter-Plaintiff,

v.

WHIRLPOOL CORPORATION and
WHIRLPOOL PATENTS COMPANY,

      Counter-Defendant.
_____/

## **O P I N I O N**

This Court previously entered judgment in favor of Defendants on Plaintiffs' patent

infringement claims.  This matter is now before the Court on Defendants' motion under 35

U.S.C. § 285 for a declaration that this is an exceptional case warranting the award of

attorney fees, and on Plaintiffs' motion to strike Defendants' exceptional case motion as untimely.

## I.

The Court will first address Plaintiffs' motion to strike.  Requests for attorney fees pursuant to 35 U.S.C. § 285 must comply with Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure.  *IPXL Holdings, L.L.C. v. Amazon.com, Inc*., 430 F.3d 1377, 1386 (Fed. Cir. 2005) ("No provision in section 285 exempts requests for attorney fees thereunder from compliance with Rule 54(d)(2)(B).").  Rule 54(d)(2)(B) requires that motions for attorney fees be filed no later than fourteen days after entry of judgment.  FED. R. CIV. P. 54(d)(2)(B).

Plaintiffs contend that  the Court entered judgment in favor of Defendants on August 15, 2006.  They further contend that because Defendants did not file their attorney fee motion until September 7, 2006, twenty-three days after entry of final judgment and nine days after the deadline of Rule 54(d)(2)(B), Defendants' motion is untimely and this Court lacks authority to consider the motion.  *See IPXL Holdings*, 430 F.3d at 1386 (reversing award of attorney fees under § 285 where motion for fees was filed seventeen days after final judgment).

Defendants oppose Plaintiffs' motion to strike because they contend that the order of August 15, 2006, was not a final judgment.

Plaintiffs alleged in their amended complaint (Docket # 40) that Defendants infringed their '666 patent and their '722 patent.  Defendant LG Electronics filed a counterclaim

2

seeking declarations of noninfringement and invalidity and as to both the '666 and the '722 patents. (Docket # 42). On July 18, 2006, this Court granted Defendants' motion for summary judgment asserting non-infringement of the '666 patent, and entered a partial judgment for Defendants on Whirlpool's claim of infringement of the '666 patent. This Court denied Defendants' motion for summary judgment asserting the invalidity of the '666 patent as moot. On August 15, 2006, this Court granted Defendants' motion for summary judgment asserting invalidity of the '722 patent, entered judgment in favor of Defendants on Whirlpool's claim of infringement of the '722 patent, and denied all other outstanding motions as moot.

The issues raised in Defendant LG's counterclaim are identical to the defenses raised in Defendants' motions for summary judgment. This Court assumed that its judgment in favor of Defendants on all of Plaintiffs' claims mooted any unresolved claims. Defendants contend that no final judgment has yet been entered because neither order decided or dismissed Defendants' counterclaims of invalidity of the '666 patent, non-infringement of the '722 patent, invalidity of the '722 patent for reasons other than the prior art, or inequitable conduct of the '722 patent.

Although this Court intended the August 15, 2006, order and judgment to be a final judgment, Defendant LG is correct that there has been no order disposing of all claims raised in its counterclaim. This Court's dismissal of Defendants' unresolved motions did not affect the affirmative claims raised in Defendant LG's counterclaim. "A judgment that does not

dispose of pending counterclaims is not a final judgment." *Pandrol USA, LP v. Airboss Ry. Prod., Inc.*, 320 F.3d 1354, 1362 (Fed. Cir. 2003) (citing *Syntex Pharm. Int'l, Ltd. v. K-Line Pharm., Ltd.*, 905 F.2d 1525, 1526 (Fed. Cir. 1990)).  Although the Court assumes that Defendant LG will not pursue a trial on the unresolved claims asserted in its counterclaim, Defendant LG has not yet agreed to dismiss those counterclaims.  Accordingly, the Court accepts Defendants' contention that there has been no final judgment and that its motion for declaration that this is an exceptional case is timely.

## II.

The Patent Act authorizes the Court to award attorney fees to the prevailing party in "exceptional cases." 35 U.S.C. § 285 ("The court in exceptional cases may award reasonable attorney fees to the prevailing party.").  Although the Patent Act does not define an "exceptional case," the Federal Circuit has stated that "[i]n the case of awards to prevailing accused infringers . . . 'exceptional cases' are normally those of bad faith litigation or those involving fraud or inequitable conduct by the patentee in procuring the patent." *McNeil-PPC, Inc. v. L. Perrigo Co.*, 337 F.3d 1362, 1371-72 (Fed. Cir. 2003) (quoting *Cambridge Prod. Ltd. v. Penn Nutrients Inc.*, 962 F.2d 1048, 1050-51 (Fed. Cir. 1992)). *See also Epcon Gas Systems, Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1034 (Fed. Cir. 2002) (holding that exceptional case may be shown by proof of "inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement.").  Evidence of such conduct must be supported by

4

clear and convincing evidence.  *McNeil-PPC*, 337 F.3d at 1371 (citing  *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989)).

In interpreting § 285 courts recognize that § 285 is an exception to the American Rule and are "mindful of the limited circumstances in which an award of attorney fees is appropriate."  *Forest Labs., Inc. v. Abbott Labs.*,  339 F.3d 1324, 1329 (Fed. Cir. 2003).  Moreover, courts recognize a patent owner's "right to exclude others from making, using, and selling the invention and to enforce those rights until [its patents are] held invalid [or expire]."  *McNeil-PPC*, 337 F.3d at 1372 (quoting *Concrete Unlimited Inc. v. Cementcraft, Inc.*, 776 F.2d 1537, 1539 (Fed. Cir. 1985)).

> We have not previously held any party liable for attorney fees for either vigorously prosecuting its patent application or enforcing a presumptively valid patent, even where that patent was later invalidated, in the absence of clear and convincing evidence of inequitable conduct or misconduct during litigation.

*Id.*

Defendants have asserted that this case should be deemed "exceptional" for seven reasons.  First, Defendants contend that because Whirlpool withheld the Daewoo prior art from the Patent Office, it was bad faith for Whirlpool to sue on the '722 patent.

The Court applies a two-step analysis in determining whether there has been inequitable conduct:

> First, the trial court must determine whether the withheld information meets a threshold level of materiality.  Second, the district court must then also determine whether the evidence shows a threshold level of intent to mislead the PTO.

5

*Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*, 267 F.3d 1370, 1379 (Fed. Cir.  2001) (citations omitted).  Although the Court is satisfied that the Daewoo was material prior art, the Court is not persuaded by clear and convincing evidence that Whirlpool understood that the Daewoo performed inverse toroidal motion, which was at the heart of its patent. Accordingly, the Court does not find that Whirlpool's prosecution of the '722 patent rose to the level of inequitable conduct.

Defendants' second, third, and fourth arguments assert that Whirlpool's institution and continuation of this suit after it was made aware of evidence of invalidity of the '722 patent demonstrates bad faith.  Specifically, Defendants' focus on the fact that they gave Whirlpool ample notice of the invalidating Daewoo and Hitachi prior art.

In certain instances, a "frivolous" case can be "exceptional" for purposes of 35 U.S.C. § 285.  *Haynes Intern., Inc. v. Jessop Steel Co.*, 8 F.3d 1573, 1579 (Fed. Cir. 1993).  "A frivolous infringement suit is one which the patentee knew or, on reasonable investigation, should have known, was baseless."  *Id.*  However, the fact that the patent was ultimately determined to be invalid cannot be used to bootstrap the argument that the infringement claim was asserted in bad faith, absent clear and convincing evidence that Whirlpool had reason to believe that the claims were invalid or not infringed.  *McNeil-PPC*, 337 F.3d at 1373.

The finding of invalidity in this case involved a complex analysis.  The Court's ultimate determination of invalidity was not so obvious that it should have been understood

6

by Whirlpool to be a foregone conclusion. Whirlpool's disagreement with the significance of the Daewoo and Hitachi patents was not unreasonable. Whirlpool's arguments had evidentiary and legal support. Accordingly, Whirlpool's knowledge of the prior art that ultimately lead to the Court's finding of invalidity does not persuade this Court that Whirlpool's litigation position was frivolous or baseless.

In their fifth and sixth arguments Defendants contend that given the prosecution history, the Court's claim construction, and the differences between the '666 patent and the Harmony washer, it was bad faith for Whirlpool to initiate and pursue its '666 claims.

Again, the Court refuses to find bad faith merely because Whirlpool was aware of the facts that ultimately led to a judgment against it. "Bringing an infringement action does not become unreasonable in terms of § 285 if the infringement can reasonably be disputed." *Brooks Furniture Mfg., Inc. v. Dutailier Intern., Inc*., 393 F.3d 1378, 1384 (Fed. Cir. 2005). "Infringement is often difficult to determine, and a patentee's ultimately incorrect view of how a court will find does not of itself establish bad faith." *Id.* "[E]nforcement of patent rights that are reasonably believed to be infringed does not entail special penalty when the patentee is unsuccessful." *Id.* Whirlpool's allegations of infringement had sufficient evidentiary support to avoid a finding that they were frivolous or made in bad faith.

Defendants' seventh argument is that Whirlpool's documents reveal improper motivation. In support of this assertion Defendants have presented evidence that Whirlpool

was developing an action plan for preventing Korean companies from gaining a foothold in the U.S. appliance market.

The Court is not convinced that this evidence of aggressive and competitive business strategies has any relevance to the Court's determination of whether this litigation was initiated or pursued in bad faith. Moreover, even if the statements suggested any bad-faith business practices, the Federal Circuit has made it clear that such practices would not support a finding that this is an "exceptional case" under § 285:

> We have not, however, upheld a finding of exceptionality based on a patentee's bad-faith business conduct toward an accused infringer prior to litigation, and we decline to expand the scope of the statutory term "exceptional" in that manner.

*Forest Laboratories*, 339 F.3d at 1329.

After consideration of all of Defendants' arguments, the Court is satisfied that although Whirlpool did not convince this Court that there was infringement, the Court cannot say that Whirlpool instituted or continued this action in bad faith. This is not an exceptional case that warrants the award of attorney fees under 35 U.S.C. § 285.

An order consistent with this opinion will be entered.


Date: ___February 20, 2007___          /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        CHIEF UNITED STATES DISTRICT JUDGE

8