UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WHIRLPOOL CORPORATION and
WHIRLPOOL PATENTS COMPANY,

       Plaintiffs,

                                      File No. 1:04-CV-100

v.

                                      HON. ROBERT HOLMES BELL

LG ELECTRONICS, INC., LG
ELECTRONICS, U.S.A., INC., and
GENERAL ELECTRIC COMPANY,

       Defendants,

and

LG ELECTRONICS, INC.,

       Counter-Plaintiff,

v.

WHIRLPOOL CORPORATION and
WHIRLPOOL PATENTS COMPANY,

       Counter-Defendants.
                                                /

## **O P I N I O N**

       LG Electronics, Inc., and General Electric Company, the defendants in this patent infringement action, filed a proposed bill of costs following entry of judgment in their favor. Defendants seek an order taxing costs in the amount of $124,038.47 for photocopying,

interpretation/translation, depositions, and witness fees. Plaintiff Whirlpool Corporation has objected to Defendants' bill of costs.

I.

As an initial matter, Plaintiff requests that the Court stay any consideration of costs pending appeal. Plaintiff gives no rationale for waiting other than its undocumented assertion that half of all patent cases are reversed on appeal. Plaintiff has not cited any legal authority to support a stay on a costs ruling pending appeal, nor has it referenced any factors that would warrant a stay in this particular case.

The Court is not persuaded that a stay is appropriate. Plaintiff does not dispute Defendants' entitlement to costs under the law of the case, and the Court is satisfied that it would not be in the interest of justice to delay ruling on Defendants' motion for taxation of costs pending appeal. Plaintiff's request for a stay will accordingly be denied.

II.

Plaintiff has also objected to specific items in Defendants' bill of costs based on Plaintiff's contention that they are not authorized by 28 U.S.C. § 1920.

Costs are generally allowed as a matter of course to the prevailing party. Fed. R. Civ. P. 54(d). The expenses that may be taxed as costs under Rule 54(d) are enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 437 (1987). "The court has broad discretion in allowing or disallowing the particular items listed in § 1920 as costs." *BDT Products, Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 419 (6th Cir. 2005). In

reviewing a request for taxation of costs, a court must look "first to whether the expenses are allowable cost items and then to whether the amounts are reasonable and necessary." *Jefferson v. Jefferson County Pub. Sch. Sys.*, 360 F.3d 583, 591 (6th Cir. 2004). The prevailing party has the burden of establishing that the expenses it seeks to have taxed as costs "are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920." *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich. 1995).

Defendants seek costs under four separate subsections of § 1920.

**A. Photocopying Costs – § 1920(4)**

Defendants seek to tax $39,380.81 for photocopying costs. The Court is permitted to tax as costs "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). It has been the long-standing practice of this Court to limit recovery under § 1920(4) to photocopying costs "necessary for maintenance of the action, including copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the court's consideration." *Charboneau v. Severn Trent Laboratories, Inc.*, No. 5:04-CV-116, 2006 WL 897131, at *1 (W.D. Mich. Apr. 6, 2006) (Bell, C.J.) (quoting *Falor v. Livingston County Community Mental Health*, No. 5:02-CV-60, 2003 WL 23220759, at *5 (W.D. Mich. Oct. 20, 2003) (Quist, J.)). *See also Pion v. Liberty Dairy Co.*, 922 F. Supp. 48, 53 (W.D. Mich.1996) (Miles, S.J.) (permitting recovery only of costs for copies of "documents

prepared for the court's consideration or for the opposing party"). Copies obtained only for the convenience of counsel, including extra copies of filed papers and correspondence, are ordinarily not recoverable. *Florida Keys Citizens Coal., Inc. v. U.S. Army Corps of Eng'rs*, 386 F. Supp. 2d 1266, 1270 (S.D. Fla. 2005); *Wyne v. Medo Indus., Inc.*, 329 F. Supp. 2d 584, 590 (D. Md. 2004); *Riley v. UOP LLC*, 258 F. Supp. 2d 841, 843 (N.D. Ill. 2003).

The burden is on the party seeking reimbursement for photocopying costs to show that the copies were necessary for use in the case. *Tirapelli v. Advanced Equities, Inc*., 222 F. Supp. 2d 1081, 1085-86 (N.D. Ill. 2002). "Although section 1920(4) does not demand page-by-page precision, a bill of costs must represent a calculation that is reasonably accurate under the circumstances." *Summit Tech., Inc. v. Nidek Co.*, 435 F.3d 1371, 1380 (Fed. Cir. 2006). The description need not be "so detailed as to make it impossible economically to recover photocopying costs," but it must be "the best break down obtainable from retained records." *Rice v. Sunrise Express, Inc*., 237 F. Supp. 2d 962, 981 (N.D. Ind. 2002) (quoting *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir.1991)).

Defendants' documentation in support of its request for $39,380.81 in photocopying charges identifies dates, amounts charged, and invoice numbers. Defendants have not identified the nature of the documents copied or the purpose for which they were copied. To account for the fact that some of the copies may not have been necessary for maintenance of

the action, Defendants have requested reimbursement for only half of their actual documented in-house and third party vendor copying costs of $78,761.61.

Defendants' 50% reduction in copying costs finds some support in the case law. For example, in *Summit* the Federal Circuit observed that "in complex patent litigation involving hundreds of thousands of documents and copies, parties cannot be expected to track the identity of each photocopied page along with a record of its relevance to the litigation." 435 F.3d at 1378 (applying First Circuit law). While noting that "a simple 50 percent reduction is a somewhat crude method of accounting for non-necessary copies," the court held that the district had not abused its discretion in awarding vendor costs based on that estimate, particularly in light of the supporting testimony from lead counsel. *Id. See also In re Merritt Meridian Constr. Corp.*, 95 F.3d 153, 173 (2d Cir. 1996) (affirming 70% reduction of non-itemized photocopying costs to reflect court's estimate of the cost of photocopying exhibits and papers submitted for trial); *Rice*, 237 F. Supp. 2d at 981 (reducing copies by 20% to account for possibility that some were made for convenience of counsel).

Plaintiff objects to Defendants' failure to show that the copy charges were reasonably necessary. According to Plaintiff, Defendants produced fewer than 68,700 pages in this litigation, which, at a rate of $.12 per page, amounts to only $8,244. Adding an estimate of 2,000 pages for the reproduction of documents that Defendants served on Plaintiff (documents filed under seal, discovery requests and responses, and experts' reports), Plaintiff

contends that Defendants' total recovery for necessary and reasonable reproduction costs should not exceed $8,500.

Although Defendants filed a reply brief, they have not attempted to rebut Plaintiffs' numerical calculations. Defendants merely suggest that counsel's declaration that the costs were reasonably necessary is sufficient to permit the Court to adopt the 50% reduction approved in *Summit*.

Although the Federal Circuit approved a 50% reduction in *Summit*, it did not suggest that 50% was a rule of thumb to be applied in all complex patent cases. It merely held that the district court did not abuse its discretion in accepting that reduction in that case. Moreover, in contrast to the record reviewed by the district court in *Summit*, Defendants have offered no supporting testimony from counsel to suggest that 50% was a reasonable estimate of necessary costs. *See Summit*, 435 F.3d at 1378. Neither does it appear that Defendants' 50% reduction factored in this court's electronic case filing system. *See* W.D. Mich. LCivR 5.7; *see also Ridings v. Riverside Med. Ctr.*, No. 05-2134, 2007 WL 924020, at *2 (C.D. Ill. Mar. 26, 2007) (disallowing recovery of copying costs related to documents that had been electronically filed, with the exception of a courtesy copy of a motion for summary judgment for the court).

The Court concludes that Defendants have not met their burden of showing that their calculation is "reasonably accurate under the circumstances." *Summit*, 435 F.3d at 1380. Accordingly, the Court will adopt the $8,500 figure suggested by Plaintiff as more accurately

reflecting the actual photocopying costs for documents necessarily obtained for use in this case.

**B. Interpretation/Translation Costs – § 1920(6)**

Defendants seek to tax $12,648.31 for interpretation and translation costs. The Court is permitted to tax as costs "compensation of interpreters." 28 U.S.C. § 1920(6). Although section 1920(6) does not address translators, the Sixth Circuit has found no abuse of discretion in taxing costs for translation. *BDT Products*, 405 F.3d at 419.

Plaintiff does not dispute Defendants' right to tax $4,348.11 for translation and interpretation costs. However, Plaintiff objects to the remainder of Defendants' costs in this category as being unnecessary. Defendants respond that unlike subsections 2 and 4 of section 1920, subsection 6 does not require the court to determine whether the services were necessary.

Although subsection 6 does not require that interpreter services be "necessarily obtained for use in the case," the Sixth Circuit has stated generally that to be taxable, costs must not only be allowable under § 1920, but must also be "reasonable and necessary." *Jefferson*, 360 F.3d at 591. The majority of courts that have applied § 1920(6) have only taxed costs for interpreters or translators that they found were necessary. *See, e.g., Slagenweit v. Slagenweit*, 63 F.3d 719, 721 (8th Cir. 1995) (affirming award of translation costs where plaintiff failed to demonstrate they were unnecessarily incurred); *E. & J. Gallo Winery v. Andina Licores S.A.*, No. CV F 05-0101, 2007 WL 1589546, at *1 (E.D. Cal. June

7

1, 2007) (holding that interpreter's services, to be taxable, must be "reasonably necessary for a proper determination of the issues"); *Tharo Sys. v. Cab Produkttechnik*, No. 1:03 CV 0419, 2005 U.S. Dist. LEXIS 45113, at *5 (N.D. Ohio May 10, 2005) (awarding translation costs found to be "necessary"); *Nat'l Diamond Syndicate, Inc. v. Flanders Diamond USA, Inc.*, No. 00 C 6402, 2004 WL 1557765, at *3 (N.D. Ill. July 8, 2004) ("Because the interpreter provided necessary services at trial, these costs are recoverable."); *Film Office, S.A. v. MGM/UA Home Video, Inc.*, No. 91 Civ. 1132, 1992 U.S. Dist. LEXIS 11407, at *3 (S.D.N.Y. Aug. 3, 1992) ("The proper test to be applied with respect to the translation costs at issue in this case is whether they were necessary for a proper determination of the issues presented in the action, and whether they were of material aid to the court in resolving disputed issues of fact."); *Mastrapas v. New York Life Ins. Co.*, 93 F.R.D. 401, 405 (E.D. Mich. 1982) (allowing taxation of costs for interpreter where services were "reasonably necessary"). *But cf. Chore-Time Equip., Inc. v. Cumberland Corp.*, 713 F.2d 774, 782 (Fed. Cir. 1983) ("The award of costs for translation of a German patent found 'relevant to [Cumberland's] contentions' was appropriate under 28 U.S.C. § 1920(6)."). The Court concludes that it is appropriate to require interpreter services to have been reasonably necessary for a proper determination of the issues in the case in order to tax them as costs.

Plaintiff objects to Defendants' request to tax $3,852.50 in costs for deposition interpretation for Jae-Cheol Lyu, Jimmy Kim, and Tamotsu Shikamori. Plaintiff contends that interpretation services were not necessary because Plaintiff provided an interpreter at

8

each of these depositions. Defendants respond that check interpreters were necessary to confirm whether Plaintiff's interpreters were correctly translating the witnesses' testimony.

Defendants' desire to confirm that translations were correct does not amount to necessity. Defendants have not suggested that they had any basis for questioning the competence of Plaintiff's interpreters. *Cf. Quy v. Air Am., Inc.*, 667 F.2d 1059, 1065-66 (D.C. Cir. 1981) (allowing costs for second translator to fill in gaps in transcript and to correct unintelligible sentences). The Court will accordingly disallow the $3,852.50 attributable to the check interpreters as an unnecessary duplication.

Plaintiff also objects to Defendants' request to tax $4,447.70 for translation of two Japanese patents and an unidentified washing machine.

According to Plaintiff, JP Patent No. 52-97269 was neither cited by the parties' experts nor relied upon as an exhibit in support of any summary judgment briefing, and JP Patent No. 9-56971 was only referenced in one paragraph of Defendants' expert's supplemental report, along with seven other references, as establishing that reduced water in an impeller machine was far from new when Whirlpool filed for its '722 patent. Defendants respond that the Japanese translations were indispensable to their ability to defend against Plaintiff's claims. Defendants also indicate that although they reviewed many foreign prior art references, they selected only a handful for professional translation.

With respect to depositions, necessity is determined as of the time of taking. *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). The Court believes the necessity of a

translation should similarly be determined as of the time the translation was requested, rather than after the fact. In light of the fact that foreign prior art references were central to the defense of Plaintiff's suit, and in light of Defendants' representation that they selected only a handful of the many foreign prior art references for translation, the Court is satisfied that the translations of JP Patent No. 52-97269 and JP Patent No. 9-56971 would have reasonably appeared to be necessary at the time they were requested. The Court will not tax the $200.00 for the unidentified washing machine as no showing has been made as to its relevance or necessity.

In summary, the Court will permit Defendants to tax a total of $8,595.81 for translation and interpretation costs.

**C. Deposition Costs – § 1920(2)**

Defendants seek to tax $71,966.35 for deposition costs. The Court is permitted to tax as costs "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). "Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party." *Sales*, 873 F.2d at 120. "Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Id*. *Accord* 10 Charles Alan Wright, et al., *Federal Practice & Procedure* § 2676 (3d ed. 2007).

Plaintiff has raised several objections to Defendants' deposition costs. Defendants agree with Plaintiff that costs associated with the Van Winkle deposition should be reduced

by $2,270.15 to account for time spent on issues related to a different case. (Docket # 487, Def. Reply Br. 5.) Defendants oppose Plaintiff's remaining challenges.

Plaintiff contends that the depositions of ten witnesses were investigative in nature and are thus not taxable as costs. It is generally agreed that "[d]epositions that are merely investigative, preparatory, or useful for discovery are not taxable as costs." *Baker v. First Tenn. Bank Nat'l Ass'n*, No. 96-6740, 1998 WL 136560, at *5 (6th Cir. Mar. 19, 1998). *See also Kaiser Indus. Corp. v. McLouth Steel Corp.*, 50 F.R.D. 5, 12 (E.D. Mich. 1970) ("[I]t is necessary to distinguish between depositions which are reasonably necessary to properly present a party's case and depositions used essentially for the purpose of investigation or the kindred purpose of thorough preparation by counsel. Investigation expenses are not chargeable as costs."); 10 Wright, *supra*, § 2676.

Defendants object to Plaintiffs' characterization of depositions of the ten witnesses as investigative in nature. Defendants contend that these ten witnesses were questioned on topics that were relevant to the defenses of prior art invalidity, obviousness, and inequitable conduct. This case was vigorously prosecuted and defended on both sides. The Court cannot say that the deposition of any one of the ten listed deponents was not reasonably deemed necessary at the time it was taken. The Court will accordingly allow Defendants to tax as costs all of the depositions listed.

Even though the Court is satisfied that all of the depositions for which Defendants seek reimbursement were necessarily obtained for use in the case, the Court must still consider which costs associated with these depositions should be taxed.

Plaintiff recognizes that courts routinely tax costs associated with videotaped depositions. *See*, *e.g.*, *BDT Products*, 405 F.3d at 420; *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998); *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1477 (10th Cir. 1997); *Morrison v. Reichhold Chems. Inc.*, 97 F.3d 460, 464-65 (11th Cir. 1996). Plaintiff nevertheless contends that costs associated with videotaping should not be allowed in this case because the witnesses were all available for trial and thus a videotape was not essential to an assessment of their credibility.

Plaintiff does not contest Defendants' representation that most of the depositions taken by Plaintiff and Defendants were video depositions. The use of video depositions was undoubtedly a consideration in this case not so much for credibility purposes, but because much of the deposition testimony concerned a physical process that the deponents often described using hand gestures and by reference to physical exhibits. The Court is satisfied that videotaping was reasonably necessary to capturing the non-verbal testimony of the witnesses. Nevertheless, not all of the costs associated with the video depositions are taxable.

Defendants seek to tax not only costs associated with attendance, transcript, videotape, overtime, and certification but also costs associated with rough disks, format conversion, and

synchronization. Defendants point out that in *BDT Products* the Sixth Circuit found no abuse of discretion where a district court taxed charges for rough disk, interactive realtime, and synchronization of the video and deposition transcripts. *BDT Products*, 405 F.3d at 419-20. *BDT Products*, however, does not stand for the proposition that such costs should be taxed, or that it would be an abuse of discretion not to tax such costs. While there is some difference in the practice from court to court, this Court has generally taken the position that additional charges for such items as computer disk copies, minuscripts, keyword indices, exhibit copies, and administrative fees are not taxable as costs because they are for the convenience of counsel, rather than a necessity for trial. *See, e.g., Charboneau*, 2006 WL 897131, at *3. Many of the costs Defendants seek to tax fall within this category.

Defendants contend that rough disks (also billed as "unedited ASCII," "rough ASCII," "dirty disk," or "rough draft"), were necessary because the depositions were tightly scheduled and Defendants wanted to review the previous deposition testimony in preparation for the next upcoming deposition. The Court views the cost of a rough disk as a convenience to counsel rather than a necessity. Accordingly, the Court concludes that the costs attributable to such rough disks ($10,885.25) are not taxable.

Similarly, the Court does not agree that the costs of format conversion and synchronization are necessary costs. Digitalizing a video and synchronizing it with the transcript represents a strategic choice by counsel on how to most persuasively present their case. The cost of such features is not necessary to the presentation of the case. Accordingly,

13

the Court concludes that the costs attributable to "Legalink Viewer," format conversion, synchronization, real time, and disk copies ($10,807.50) are not taxable.

In summary, the Court will deduct $2,270.15, $10,885.25, and $10,807.50 from Defendants' requested $71,966.35, for total taxable deposition costs of $48,003.45.

### D.  Witness Fees – § 1920(3)

Plaintiff does not object to Defendants' request to tax $43.00 for witness as authorized by 28 U.S.C. § 1920(3).

### III.

In conclusion the Court will tax costs in favor of the Defendants and against Plaintiff as follows:

| | |
|---|---|
| **A.  Photocopying Costs** | $8,500.00 |
| **B.  Interpretation/Translation Costs** | $8,595.81 |
| **C.  Deposition Costs** | $48,003.45 |
| **D.  Witness Fees** | $43.00 |
| **Total Taxable Costs:** | **$ 65,142.26** |

An order consistent with this opinion will be entered.

Date:     August 26, 2007                    /s/ Robert Holmes Bell
                                             ROBERT HOLMES BELL
                                             CHIEF UNITED STATES DISTRICT JUDGE